UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Richard N. Whitmore,                  Case No. C-1-03-657

    Plaintiff

vs

State of Ohio, et al.,                  **REPORT AND**
    Defendants                   **RECOMMENDATION**
                                        (Beckwith, J.; Hogan, M.J.)

      This matter is before the Court on Plaintiff's Motion to Re-open Case (Doc. 25).

      On October 28, 2003, the Court dismissed Plaintiff's Complaint against Defendants Saxour, the State of Ohio, the Ohio Department of Rehabilitation and Correction, and the Corrections Reception Center with prejudice. The Court found the claim against Defendant Saxour was barred by the two year statute of limitations and the claims against the State of Ohio, the Ohio Department of Rehabilitation and Correction, and the Corrections Reception Center were barred by the Eleventh Amendment. The remainder of Plaintiff's Complaint against the WCI medical doctors and staff was dismissed without prejudice for failure to exhaust his administrative remedies under the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, § 803(d), 42 U.S.C. § 1997e(a).[1]

      Nearly four years later, Plaintiff has filed a Motion to Reopen his case (Doc. 25). However, it does not appear from Plaintiff's motion that he has exhausted his administrative remedies under the PLRA against the named defendants.

---

[1] Upon reconsideration of the dismissal of Plaintiff's claim against Defendant Saxour, the Court found that Plaintiff's appeal to the Chief Inspector, which was filed on August 8, 2003, was still pending at the time Plaintiff filed suit. For this reason, the Court dismissed Plaintiff's claim against Defendant Saxour for failure to exhaust. (*See* Doc. 18).

Recently, the Supreme Court in *Jones*, has concluded that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, 127 S.Ct. 910, 921 (2007). However, while failure to exhaust is now considered an affirmative defense, it remains undisputed that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court. *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007)(citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). Moreover, the Sixth Circuit's holding in *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002), that Plaintiff may not amend his current complaint to allege exhaustion, remains valid.

In *Rose*, the Court of Appeals addressed the question "whether a prisoner, bringing an action under 42 U.S.C. § 1983 covered by the Prison Litigation Reform Act and failing to allege in his initial complaint that he had first exhausted his administrative remedies, may amend his complaint to allege exhaustion and satisfy the PLRA." 305 F.3d at 488. The Sixth Circuit answered this question in the negative, reasoning:

> As we held in *McGore* [*v. Wriggelsworth*, 114 F.3d 601 (6th Cir. 1997)], a plaintiff in a case covered by the PLRA may not amend his complaint to avoid a *sua sponte* dismissal. A plaintiff who fails to allege exhaustion of administrative remedies through "particularized averments" does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte. *Knuckles El* [*v. Toombs*], 215 F.3d [640] at 642 [(6th Cir. 2001)]; *Brown* [*v. Toombs*], 139 F.3d [1102] at 1104 [(6th Cir. 1998)]. Our rule in *McGore* requires that a plaintiff, who fails to make a sufficient allegation of exhaustion in their initial complaint, also not be allowed to amend his complaint to cure the defect. If the plaintiff has exhausted his administrative remedies, he may always *refile* his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run.

305 F.3d at 489 (emphasis added, footnote omitted). The Court of Appeals noted the tension between the disallowance of an amendment of the complaint and Fed. R. Civ. P. 15(a), but stated, "Our holding in *McGore* unambiguously resolved this tension in favor of preserving an efficient judicial screening system under the

2

PLRA and barring amendment of complaints subject to sua sponte dismissal." 305 F.3d at 489, n.3.

We find the Court of Appeals' decision in *Rose* equally applicable in this matter. Once this Court *sua sponte* dismissed Plaintiff's claim in the original complaint for failure to exhaust, Plaintiff was not permitted to amend his complaint, or re-open his case, to allege and show exhaustion at a later date. *Rose*, 305 F.3d at 489. Plaintiff's only option at this point is to refile his complaint against any Defendants for which he has exhausted his administrative remedies. *Id.* Therefore, the Court finds Plaintiff's Motion to Re-open Case (Doc. 25) to be without merit and recommends that his motion be DENIED.

Date 10/9/07

Timothy S. Hogan
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

J:\SMITHLE\prisoner1983\Whitmore.exhaust.wpd

3

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Richard Whitmore #411-982<br>Warren Corr. Inst.<br>PO Box 120<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) | ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7007 1490 0001 0562 6417 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-01-M-2509 |

1:03cv657 Doc. 26