```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

Richard N. Whitmore,           )
                               )
            Plaintiff,         ) Case No. 1:03-CV-657
                               )
    vs.                        )
                               )
State of Ohio, et al.,         )
                               )
            Defendants.        )

O R D E R

This matter is before the Court on Plaintiff Richard N. Whitmore's motion to reopen case (Doc. No. 25), Magistrate Judge Hogan's Report and Recommendation (Doc. No. 26) recommending that Plaintiff's motion be denied, and Plaintiff's objections (Doc. No. 30) to Magistrate Judge Hogan's Report and Recommendation. For the reasons that follow, Plaintiff's objections to Magistrate Judge Hogan's Report and Recommendation are not well-taken and are **OVERRULED**; the Court **ADOPTS** the Report and Recommendation to the extent it recommends that Plaintiff's motion to reopen be denied; Plaintiff's motion to reopen is not well-taken and is **DENIED.**

In September 2003, Plaintiff, now an inmate at London Correctional Institution, filed a lawsuit pursuant to 42 U.S.C. § 1983 against the State of Ohio, the Ohio Department of Rehabilitation and Correction, the Corrections Reception Center, and several individual defendants alleging that he was subjected to excessive use of force by prison guards and that his medical

treatment was unconstitutionally inadequate during his period of incarceration at Warren Correctional Institution. In an order dated October 28, 2003 (Doc. No. 10), the Court dismissed with prejudice claims against the State of Ohio, the Ohio Department of Rehabilitation and Correction, and the Corrections Medical Center as being barred by Eleventh Amendment sovereign immunity. The Court dismissed the claims against the individual defendants without prejudice for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act. Id.; see also Doc. No. 14. Plaintiff filed a notice of appeal from the Court's judgment (Doc. No. 15), but then voluntarily dismissed his appeal on January 5, 2004 (Doc. No. 20).

On August 1, 2007, nearly four years after the dismissal of his claims and entry of final judgment, Plaintiff filed a motion to reopen the case. Doc. No. 25. The asserted grounds for reopening the case are difficult to decipher, but Plaintiff appears to claim that he was the victim of a conspiracy among guards and prison officials at WCI and that the conspirators confiscated his case files and intercepted his mail. Plaintiff further claims that prison officials otherwise failed to act on his internal grievances. Although not stated as such, Plaintiff implicitly states that he was not able to pursue this case more diligently because of the actions of the alleged conspirators.

Magistrate Judge Hogan reviewed Plaintiff's motion and concluded that he still has failed to demonstrate that he has exhausted the administrative remedies relative to his claims for relief.  Judge Hogan determined that the Supreme Court's recent opinion in Jones v. Bock, 127 S. Ct. 910 (2007), which held that an inmate is not required to plead exhaustion of remedies in his complaint, did not render invalid the Sixth Circuit's holding in Baxter v. Rose, 305 F.3d 486, 488 (6th Cir. 2002), that an inmate may not amend his current complaint to allege exhaustion.  Therefore, Judge Hogan concluded, since the Court had already dismissed the complaint for failure to exhaust administrative remedies, pursuant to Baxter, Plaintiff was not permitted to amend his complaint or reopen the case to demonstrate exhaustion.  As result, Judge Hogan determined that Plaintiff would have to file a new complaint on his exhausted claims.  Consequently, Judge Hogan recommended that Plaintiff's motion to reopen be denied.

Plaintiff then filed objections to Magistrate Judge Hogan's Report and Recommendation.  Doc. No. 30.  Again, Plaintiff's objections are difficult to comprehend, but he clearly asserts that he has complied with any filing requirement under Jones.  Moreover, Plaintiff states that he has in fact exhausted his administrative remedies to the best of his abilities.

The Court reviews de novo a magistrate judge's report and recommendation on a dispositive matter, such as Plaintiff's motion to reopen the case. Fed. R. Civ. P. 72(b).

Although the Court respectfully disagrees with Magistrate Judge Hogan's analysis of the effect of Jones on Baxter,[1] it does concur with his basic conclusion that Plaintiff's motion to reopen should be denied. Because Plaintiff's motion to reopen was filed after the entry of judgment, it is more properly construed as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). Kalamazoo River Study Group v. Rockwell Int'l Corp., 355 F.3d 574, 583-84 (6th Cir. 2004).

Rule 60(b) establishes six grounds for relief from judgment:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[1] Although not stated specifically in the body of the decision, the Supreme Court's opinion in Jones must have overruled Baxter. Although the Court stated that under the PLRA exhaustion of remedies is mandatory, the Court further held that exhaustion of remedies is an affirmative defense and that inmates need not plead or demonstrate exhaustion in their complaints. Jones, 127 S. Ct. at 922. That being the case, Baxter's holding that a plaintiff may not amend his complaint to demonstrate exhaustion of remedies could never be applied because, pursuant to Jones, he was never required to plead exhaustion in the first place.

>    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>    (4) the judgment is void;
>
>    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). With regard to the first three grounds for relief under Rule 60(b), however, Rule 60(c)(1) requires that the motion be made within one year after the entry of judgment or order. Fed. R. Civ. P. 60(c)(1). Plaintiff filed his motion to reopen more than three years after the final entry of judgment in this case. Therefore, he cannot rely on Rule 60(b)(1)-(3) to reopen this case. Moreover, subsections (4) and (5) of Rule 60(b) have no applicability in this case.

Accordingly, Plaintiff is limited to Rule 60(b)(6) to reopen these proceedings - any other reason that justifies relief. Rule 60(b)(6) is a catch-all provision which covers any conceivable ground for relief; therefore, courts must use Rule 60(b)(6) "only in unusual and extreme situations where principles of equity <u>mandate</u> relief." <u>Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund</u>, 249 F.3d 519, 534 (6th Cir. 2001) (emphasis in original). This is not a case where equity demands relief. Plaintiff's claim that conspirators at the prison confiscated his case files is unsworn and is patently incredible.

5

The Court sees no just reason to permit Plaintiff to reopen this case after nearly a four year hiatus. A delay of this length is unreasonable on its face. See Blachy v. Butcher, 129 Fed. Appx. 173, 179 (6th Cir. 2005) ("More than three years passed between the time the district court entered its orders and the time Rosemary filed her Rule 60(b) motion. This is an unreasonable delay.").

Accordingly, Plaintiff's objections to Magistrate Judge Hogan's Report and Recommendation are not well-taken and are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation to the extent it recommends that Plaintiff's motion to reopen be denied. For the reasons stated, Plaintiff's motion to reopen is not well-taken and is **DENIED.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith. See McGore v. Wrigglesworth, 114 F.3d 601, 611 (6th Cir. 1997).

**IT IS SO ORDERED**

Date January 14, 2008             s/Sandra S. Beckwith
                                  Sandra S. Beckwith, Chief Judge
                                  United States District Court